IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy: Deborah Hansen | Date: March 11, 2015 |
| Court Reporter:     Gwen Daniel | Probation: Justine Kozak |
| | Time: 2 hours and 8 minutes |

_____

| | |
|---|---|
| Criminal Action No. 14-cr-00060-WJM | <u>Counsel</u>: |
| UNITED STATES OF AMERICA, | Todd Norvell |
|         Plaintiff, | |
| v. | |
| 2.  TAMMY C. FRANK, | Marna Lake |
|         Defendant. | |

_____

### COURTROOM MINUTES
_____

EVIDENTIARY HEARING - SENTENCING

03:02 p.m.     Court in Session

Appearances

Defendant is present and on bond.

Oath administered to the defendant.

Sentencing Statement by Mr. Norvell

Sentencing Statement by Ms. Lake

**The Court enters FINDINGS and RULINGS on the record as to the defendant's objections to the Presentence Investigation Report [108].**

1

**ORDERED:** There being no objection to the motion, the Government's Motion for Decrease Pursuant to U.S.S.G.§3E1.1(b) [105] is GRANTED.

The Court addresses the Defendant's Motion for Variant Sentence [112]

Argument by Ms. Lake

Colloquy between the Court and Ms. Lake

Statement by Mr. Novell

**GOVERNMENT'S WITNESS FBI SPECIAL AGENT ALEX ZAPPE**
03:54 Direct (by Mr. Norvell)

04:10 Cross (by Ms. Lake)                         EXHIBITS OFFERED AND RECEIVED: A

04:16 Argument by Mr. Norvell

04:20 Argument by Ms. Lake

Evidence concluded.

Court's comments

Defendant's Allocution

**ORDERED:** Defendant's Motion for Variant Sentence [112] is GRANTED IN PART.

> Defendant plead guilty to Count One of the Information and admitted to the forfeiture allegation on December 12, 2014.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Tammy C. Frank, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 66 months.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for her time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to her security designation located closest to the District of Colorado which also contains the sex**

                     **offender treatment program.**

**ORDERED:**  **Upon release from imprisonment defendant is placed on supervised release for a term of five years.**

                     **Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.**

                     **While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.**

                     **The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

                     **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

                     **The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which she resides, works, is a student or was convicted of a qualifying offense.**

**ORDERED:**  **Special Conditions of Supervised Release:**

    **1**      **The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.**

    **2**      **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the**

    **treatment agency all psychological reports and/or the presentence report for continuity of treatment.**

**3**  **The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.**

**4**  **The defendant's use of computers and internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes. The defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer, in the lawful discharge of the officer's supervision functions.**

**5**  **The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, e-mail correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.**

**ORDERED:** **The Special Assessment fee of $100.00 is imposed, due and payable immediately.**

**ORDERED:** **Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Indictment, the defendant shall forfeit to the U.S. any and all property, real or**

    **personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED:   Defendant has no ability to pay a fine, and the fine is waived.**

Court's comments

Statement by Mr. Norvell

The Government does not object to self surrender.

The Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community. It is, therefore,

  **ORDERED that the Defendant, Tammy C. Frank, shall surrender at the institution designated by the Bureau of Prisons on April 15, 2015 at 12:00 noon.**

  **In the interim the defendant's bond is continued and all conditions set forth in the Magistrate Judge's Order Setting Conditions of Release shall continue to apply.**

The defendant is advised of her right to appeal the sentence imposed and in very limited circumstances her conviction by guilty plea.

05:10 p.m.  Court in Recess
       Hearing concluded